UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAM W DONAGHE,

Petitioner,

v.

DON GAUNTZ,

Respondent.

CASE NO. C12-6075 RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR:

FEBRUARY 15, 2013

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

The Court recommends that this petition be dismissed as frivolous prior to service and that no certificate of appealability be issued. There is a controlling Supreme Court case that precludes this type challenge to petitioner's civil commitment. *Seling v. Young*, 531 U.S. 250, 263 (2001).

Petitioner is a resident at the Washington State Special Commitment Center for sexually violent predators. Petitioner has filed this petition pursuant to 28 U.S.C. § 2254. Petitioner is being held pursuant to Washington State's sexually violent predator act, RCW 71.09 et seq. Petitioner alleges that RCW 71.09 violates Double Jeopardy and Ex Post Facto protections of the United States Constitution, (ECF No. 1, Page 12). Petitioner asks the Court for release from confinement and for return of certain personal property.

Petitioner challenges conditions of confinement at the Special Commitment Center including the alleged search and seizure of his personal computer, search of his room, and removal of personal papers (ECF No. 1, pages 2, 4). While petitioner states that this petition is not about "conditions of confinement," (ECF No. 1, page 3), the Court's review of the petition discloses that petitioner's alleged conditions of confinement form the basis for petitioner's argument. Petitioner argues that RCW 71.09 is punitive. Petitioner alleges that "RCW 71.09 violates Double Jeopardy and Ex Post Facto protections." (ECF No. 1, page 12).

In 2001 the United States Supreme Court addressed a Double Jeopardy and Ex Post Facto challenge to Washington State's sexually violent predator act and held that the challenge to continued civil commitment based on conditions of confinement could not be maintained in a habeas corpus proceeding. *Seling v. Young*, 531 U.S. 250, 263 (2001). Thus, controlling precedent precludes consideration of this petition.

A Court considering a writ of habeas corpus usually either grants the writ, or enters an order to respond. *See* 28 U.S.C. § 2243. An exception to this normal rule applies when petitioner is not entitled to relief. *Id*. The exception applies to this case because the United States Supreme Court's authority precludes the type of habeas corpus petitioner is trying to file. *Seling v. Young*, 531 U.S. 250, 263 (2001).

The Court's review of the petition discloses that the petition suffers from other defects. A habeas corpus petitioner must exhaust his claims in state court. 28 U.S.C. § 2254(b)(1)(A). Petitioner has made no showing that any claim he raises has been exhausted. Further, the Court shall not grant a petition with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). The controlling Supreme Court precedent in this case would preclude any grant of relief.

Petitioner also attempts to challenge his civil commitment on state grounds. Petitioner alleges his continued civil commitment violates Article I, sections 3 and 7 of the Washington State Constitution. Federal courts may intervene in the state judicial process only to correct wrongs of a United States constitutional dimension. *Engle v. Isaac*, 456 U.S. 107, 119 (1983). 28 U.S.C. § 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). The Court cannot grant relief based on an alleged violation of the Washington State Constitution.

The Court has also considered whether to issue a certificate of appealability. Petitioners seeking post-conviction relief under 28 U.S.C.§ 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a

district or circuit judge. A certificate of appealability may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

Petitioner cannot cure the defect that there is controlling precedent precluding this type of challenge. Petitioner is not entitled to relief and amendment of the petition is futile. The Court recommends that the petition be dismissed prior to service and that no certificate of appealability be issued.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 63(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on February 15, 2013, as noted in the caption.

Dated this 16th day of January, 2013.

J. Richard Creatura
United States Magistrate Judge